IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JULIAN BAEZ, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:19-CV-011-Z-BR |
| § | |
| DIRECTOR, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner Julian Baez ("Petitioner") challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time-barred.

### I.   BACKGROUND

On July 23, 2014, Petitioner was charged by Indictment in Randall County, Texas, with the first-degree felony offense of aggravated robbery with a deadly weapon in violation of section 29.03 of the Texas Penal Code. (ECF 9-3 at 5). Specifically, it was alleged that on or about February 2, 2012, Petitioner:

> [D]id then and there while in the course of committing theft, intentionally and knowingly threaten or place William Yarbrough in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm.[1]

---

[1] This language is from the Amended Indictment filed June 19, 2015 which omitted the language "and with the intent to obtain or maintain control of the property" after the word "theft" from the original 2014 Indictment. (ECF 9-3 at 20-21).

*State v. Baez*, No. 25,304 (ECF 9-3 at 5). The Indictment and the Amended Indictment also contained two (2) paragraphs alleging two (2) prior final felony convictions for purposes of enhancing punishment under section 12.42 of the Texas Penal Code.[2]

On September 21-23, 2015, the case was tried before a jury in the 251st District Court of Randall County. (*Id.* at 189-90, 9-5 to 9-11). On September 23, 2015, the jury found Petitioner guilty of the offense of Aggravated Robbery as alleged in the Amended Indictment. (*Id.* at 167). On that same date, after finding the two (2) punishment enhancement paragraphs to be true, the jury sentenced Petitioner to forty-five (45) years imprisonment in the Texas Department of Criminal Justice, Institutional Division.[3] (ECF 9-3 at 155). On that same date, the state trial court accepted the jury's verdict and sentence and entered a corresponding Judgment ordering Petitioner's 45-year sentence to run consecutively to a previously imposed federal sentence. (*Id.* at 182-84).

Petitioner, represented by newly appointed appellate counsel, filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas. *Baez v. State*, No. 07-15-00396-CR. On September 20, 2016, the intermediate state appellate court affirmed the judgment of conviction. (ECF 9-14). Petitioner, through his counsel, sought direct review of that ruling by filing a petition for discretionary review with the Texas Court of Criminal Appeals ("TCCA"). (ECF 11-15). On December 7, 2016, the TCCA refused the petition for discretionary review *per curiam*. *Baez v. State*, No. PD-1208-16; (ECF 9-1). Petitioner, through his counsel, sought direct review of that ruling by filing a petition for a writ of certiorari with the United States

---

[2] The Indictment alleged that on August 2, 1990, Petitioner was previously convicted of the felony offense of Theft of the Value of at Least $750 but Less Than $20,000, and that on September 22, 1993, Petitioner was previously convicted of the felony offense of Possession of Cocaine. (*Id.* at 5, 21).

[3] Petitioner's statutory sentencing range was 25-99 years, or life. *See* Tex. Penal Code § 12.42(d) (2013): "If it is shown on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses . . . on conviction he shall be punished by imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years."

2

Supreme Court. On May 22, 2017, the Supreme Court denied the petition for a writ of certiorari. *Baez v. Texas*, No. 16-8345; (ECF 9-19).

On October 24, 2017, Petitioner signed a declaration averring a state application for habeas corpus relief prepared by the same counsel on direct appeal serving in a *pro bono* capacity was true and correct. (ECF 9-21 at 14). On January 5, 2018, counsel filed the state application for habeas corpus relief collaterally attacking Petitioner's conviction, together with an extensive memorandum of law, with the state trial court. (ECF 9-21 at 5-53, 9-22 at 1-15). On July 18, 2018, the TCCA denied Petitioner's state habeas application without written order. *Ex parte Baez*, No. 88,066-01; (ECF 9-20).

On January 14, 2019, Petitioner purportedly placed the instant federal application for habeas corpus relief collaterally attacking his conviction in the prison mail system. (ECF 3 at 4).[4] This Court received Petitioner's application on January 15, 2019, at which time it was file-stamped and this federal habeas corpus proceeding opened. (*Id.* at 1).

## II.    PETITIONER'S ALLEGATIONS

In his pleading entitled "Protective Petition," Petitioner does not assert any specific challenges to his conviction to argue he is being held in violation of the Constitution and laws of the United States. Instead, Petitioner argues only that his federal petition should not be considered time barred because of "counsel's ineffectiveness." (ECF 3 at 2). Petitioner specifically seeks:

> [T]o reinstate his AEDPA one-year [limitation period] from that date in which [Petitioner] confirmed that his counsel abandoned him. In short, from this date, allow [Petitioner] 10 months and 21 days to file his federal habeas application. This will afford him time to refile into state court before filing into this Court.

---

[4]For purposes of the AEDPA, a federal petition is deemed filed on the date it is placed in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

(*Id*. at 4). Petitioner also argues he is entitled to statutory and/or equitable tolling of the limitations period due to delays caused by the unit lockdown where he was housed. (*Id*. at 2-4).

### III.   STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Here, the pertinent dates are not in dispute. Following the denial of Petitioner's direct appeal to the Seventh Court of Appeals, he filed a PDR with the TCCA, which was refused on December 7, 2016. *See Baez v. State*, No. PD-1208-16; (ECF 9-1). He then filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on May 22, 2017—the

date the judgment became final by conclusion of direct review for purposes of Section 2244(d)(1). *Baez v. Texas*, No. 16-8345; (ECF 9-19). Thus, barring tolling, Petitioner was tasked with filing a federal habeas petition on or before May 22, 2018. However, a properly-filed state habeas application does toll the federal limitations period, and Petitioner filed his state habeas application on January 5, 2018, before the deadline for filing a federal habeas. Petitioner's state habeas application was denied July 18, 2018, tolling Petitioner's filing deadline by 195 days. *See* (ECF 9-21 at 5-53, 9-22 at 1-15). Thus, Petitioner's federal application was due December 3, 2018. He missed that deadline by over a month when his federal application was submitted for mailing on January 14, 2019. (ECF 3 at 4).

## IV. STATUTORY TOLLING

Statutory tolling pursuant to Section 2244(d)(1)(D), which provides that the one-year limitations period begins upon "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" is not available to Petitioner. Petitioner, to date, has not articulated any grounds for federal habeas relief; rather, he has only sought equitable tolling without presenting claims. (ECF 3 at 2-4). Even if the Court assumes Petitioner intends to raise the same grounds brought in his state habeas application, these grounds are not articulated by Petitioner in his habeas application in support of an argument for why statutory tolling should apply. These grounds were clearly discoverable prior to the filing of his state habeas application.

The date on which the factual predicate could be discovered "means the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (noting that, pursuant to Section

2244(d)(1)(D), the limitations period begins when the petitioner discovers, or should through reasonable diligence, the factual predicate of the claim, not the legal significance of the facts). Indeed, "[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay…while a habeas petitioner gathers every possible scrap of evidence that might…support his claim." *Flanagan*, 154 F.3d at 199. Petitioner's tolling claims actually relate to equitable tolling.

## V. EQUITABLE TOLLING

Petitioner argues that equitable tolling should apply because his attorney misrepresented to him that he would file a timely federal habeas petition, and Petitioner's state habeas application was delayed because his unit was on lockdown and his signature could not be obtained. (*See* ECF 3 at 2-4).

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled *by the defendant* about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (emphasis added) (quotation marks omitted). The actions of Petitioner's attorney do not constitute state action by the defendant/respondent to this habeas suit. *See Holbird v. Armstrong–Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (finding conduct of counsel, whether retained or appointed, does not constitute state action).

"A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis deleted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653. Nevertheless, "[e]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

First, the delay in signing a state habeas application does not constitute equitable tolling. As articulated by the Respondent, a signature was not needed on the state habeas application; Petitioner was represented by counsel at the time who was able to sign on his behalf. (ECF 8 at 5). However, the crux of Petitioner's argument for tolling is that he believed his attorney would represent him through the filing of the federal habeas process, not merely the state habeas application. (ECF 3 at 2-4).

"[A]ttorney error usually does not constitute an extraordinary circumstance warranting equitable tolling." *Reaux v. Vannoy*, Civil Action No. 19-2529, 2019 WL 6770048 at *5 (E.D. La. Dec. 12, 2019) (citing *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002)). But in *Holland*, the Supreme Court carved out an exception to the general rule, holding that a "garden variety claim of misconduct" does not warrant equitable tolling but "far more serious instances of attorney conduct may." *Holland*, 560 U.S. at 651-52. In *Holland*, for example, "there was an almost complete breakdown in communication between Holland and his counsel, and Holland's attorney failed even to inform Holland when the state supreme court denied him relief, much less file a timely federal application to preserve his rights." *Reaux*, 2019 WL 6770048, at *5 (citing *Holland*, 560 U.S. at 637-39). And the Fifth Circuit has also found that equitable tolling could be appropriate when the petitioner's attorney intentionally misrepresents to the petitioner that he or she has timely filed a habeas petition on their behalf. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

Here, the bulk of Petitioner's attorney-misconduct argument stems from his state habeas counsel's representation to Petitioner that "they" should file a federal habeas petition on Petitioner's behalf in a July 30, 2018 letter sent to Petitioner regarding the TCCA's denial. (*Id.* at 6) (counsel writes "we'll take the whole caboodle – the points from the appeal and those from the writ – to the federal courts in a habeas petition). In a prior letter concerning filing the state court habeas action, Petitioner's counsel wrote, "…I fully intend to take the case through federal courts if necessary." (*Id.* at 9). On November 5, 2018, Petitioner's counsel sent a letter concerning his withdrawal from the case; it was correctly addressed to Petitioner, with his state identification number in the header, but the letter's greeting mistakenly referenced the wrong last name. (*Id.* at 7). On December 5, 2018, Petitioner's attorney again sent a follow-up letter of withdrawal that corrected the name error. (*Id.* at 8). It appears from Petitioner's filings that he received both letters and even contacted his attorney concerning the error in the first letter. The November 5, 2018 correspondence was first sent slightly less than one month before the federal habeas petition was due, and the follow-up letter was sent a few days after the deadline for filing. The November 5, 2018 letter stated that, "I've come to the unhappy conclusion that neither the Supreme Court nor the lower federal courts are going to look seriously at your case. Because of this, I can't ethically represent you there." (*Id.* at 7).[5]

The seminal case in the Fifth Circuit on the issue of attorney deception and equitable tolling is *Wynn*. There, the petitioner's attorney initially advised him that he would file a Section 2255 petition on the petitioner's behalf. *Wynn*, 292 F.3d at 228. Later, the petitioner's attorney informed him that he had filed the Section 2255 petition and that a copy would be forwarded to the petitioner. *Id.* Then, in response to a letter from the petitioner, the court informed the petitioner that no petition

---

[5] Petitioner attached all correspondence from his attorney to his petition. (ECF 3 at 6-9).

had been filed. The petitioner's father contacted the attorney, who again misrepresented that he had filed the habeas petition, stating that "the reason the court did not find anything in the record to show a habeas filing was because he [petitioner's attorney] had filed the habeas corpus petition directly with Judge McBryde and was awaiting a response from the Judge and we must be patient." *Id.* at 228-29. The petitioner later filed the habeas petition himself, after the statute of limitations had run. Under those circumstances, the Fifth Circuit concluded that equitable tolling question was "sufficiently close to warrant remand for factual findings" on the issues of whether the petitioner's allegations were true, and, if so, whether he was reasonable in relying upon the false representations of his counsel. *Id.* at 230.

And more recently, in an unpublished decision, *Jimenez v. Butler*, 839 Fed. Appx. 918 (5th Cir. 2021), the Fifth Circuit applied *Wynn* to a situation in which a petitioner's initial habeas attorney misrepresented to the petitioner that his state habeas petition, "which would have stopped the clock, was being prepared for filing." *Id.* at 920. It was not. But the petitioner did not realize he was being "duped" until seven and half months of the federal limitations period had elapsed. He fired the deceptive attorney, but his second habeas counsel also erred by failing to promptly return his case file materials following the denial of the state habeas petition. The Fifth Circuit held that "the combined deception and tardiness of counsel constitute extraordinary circumstances, which considered together, resulted in [the petitioner] missing the time target of the limitations period." *Id.*[6] However, here, Petitioner's attorney never represented to Petitioner that a federal

---

[6] The undersigned notes at least two district court opinions in which *Wynn* was held inapplicable when the attorney merely represented that he *would* file a habeas petition and failed to do so—not, as in *Wynn*, that he had already filed the petition. *See, e.g., Mayo v. Cain*, Civil Action No. 08-1446, 2009 WL 2256925 (W.D. La. April 7, 2009), *rec. accepted* 2009 WL 1160595 (W.D. La. Apr. 29, 2009); *Bailey v. Dretke*, No. Civ. A. H-04-918, 2006 WL 355233 (S.D. Tex. Feb. 13, 2006).

habeas application had been filed. In fact, his attorney informed him about a month before the filing deadline that no such application would be filed. (ECF 3 at 6-8).

Even assuming, though, that Petitioner's habeas attorney's alleged misconduct here was so grievous as to amount to an extraordinary circumstance under *Wynn*, this does not necessarily justify Petitioner's failure to timely file a federal habeas application, or at least to have filed his current "request" to extend the deadline. Importantly, Petitioner must have "acted with reasonable diligence *throughout* the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Indeed,"[w]hen a habeas petitioner faces an extraordinary circumstance that prevents him or her from timely filing his or her petition, the petitioner is entitled only to a tolling period 'equal to the length of time between (i) the date on which filing ordinarily would have been required under the applicable limitations period and (ii) *the earliest date* after the [extraordinary circumstance] by which that petitioner, acting with reasonable diligence, should have filed his or her petition.' " *Tellado v. U.S.*, 799 F.2d 156, 167-68 (D. Conn. 2011) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (emphasis in original) (citation omitted)); *see also Smith v. Davis*, 953 F.3d 582, 599, 600 (9th Cir. 2020) ("What we make clear is that it is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights."). "In other words, to gain the benefit of equitable tolling, [Petitioner] would have to show not only that an extraordinary circumstance prevented him from filing his [Section 2254] petition within the one-year limitations period, but also that it was impossible for him, acting with reasonable diligence, to file it at any time earlier than [January 15, 2019]." *Tellado*, 799 F.2d at 168.

Here, Petitioner's habeas counsel did not engage in the "intentional deceit" necessary to justify equitable tolling; nevertheless, even if his original letters claiming he would pursue Petitioner's claims through the federal courts constitute intentional deceit, Petitioner knew of such deceit, at the latest, on or around mid-November 2018 when he received the first letter. Further, he was also made aware the federal habeas clock was ticking starting with the July 30, 2018 letter informing him of the final denial of his state habeas application. And even assuming that equitable tolling applies, Petitioner, in his motion for equitable tolling, did not articulate any legal basis for habeas relief, despite his knowledge of the claims raised on appeal and in his state habeas application; further, Petitioner also requested an additional ten-month period to submit any such claims to the Court. *See Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007) (noting that the petitioner must remain diligent "throughout the period that he seeks to toll"); *see also Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) ("What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall.") (footnote omitted).

Petitioner points to no case—and the undersigned can find none—in which a habeas petitioner acted with reasonable diligence for equitable tolling purposes by solely filing a request to extend the filing period without articulating his actual claims, where even that request for tolling was not also timely filed. Instead, litigants are often penalized for waiting months to act. *See, e.g., Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (holding that petitioner had not shown reasonable diligence because he "waited more than four months to file his federal habeas petition"); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (per curiam) (holding that petitioner had not shown reasonable diligence because "he did not file his § 2254 petition until approximately six months after learning of the denial of his state postconviction application," and

11

"d[id] not explain the six-month delay between being notified about his state application and filing his federal petition"); *Koumjian v. Thaler*, 484 F. App'x. 966, 969-70 (5th Cir. 2012) (per curiam) (holding that petitioner had not shown reasonable diligence because his delay in filing "exceed[ed] four and a half months"). The Fifth Circuit has also indicated that a one-month delay in filing a § 2254 petition after notice from the state court of the denial of relief does not *preclude* equitable tolling but can result in a denial of equitable tolling, and a four-month delay frequently does result in a denial of equitable tolling. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000); *see also Simmons v. Johnson*, No. 98–21054, 210 F.3d 368, 2000 WL 293959 (5th Cir. Feb. 17, 2000) (unpublished) (finding equitable tolling not warranted where petitioner waited more than one month after receiving notice of the denial of state post-conviction relief to file his § 2254 petition.)

Although the undersigned recognizes that the equitable tolling analysis "does not lend itself to bright-line rules," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and that equitable tolling decisions "must be made on a case-by-case basis," *Holland*, 130 S. Ct. at 2563, this jurisprudence is nevertheless instructive. Petitioner received notice his attorney would not file a federal habeas application when he received the November 5, 2018 letter from his attorney and waited approximately two months to submit his federal habeas application for mailing – even then failing to raise any legal claims for relief other than a request to extend the filing deadline, and he knew that his "clock began ticking" after the July 30, 2018 letter informing him of the denial of his state habeas application. Further, this Court has determined that Petitioner's delay in submitting a state habeas application (for failure to obtain an unnecessary signature) should not extend the filing period either.

In sum, Petitioner cannot rely upon equitable tolling to justify his belated January 15, 2019 habeas filing.

Petitioner's "protective" application also seeks to return to state court to further exhaust new claims and toll the federal filing period to pursue these claims. Petitioner vaguely references claims like "witness tampering" not previously raised by his attorney and argues he may have to "start from scratch" to present more meritorious claims. (ECF 3 at 2-5). The Court also finds that tolling should be denied for Petitioner to pursue a stay and go back to the state court to exhaust these new claims. These allegations would be defaulted in state court, and are, therefore, "'plainly meritless.'" *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (claims that would be defaulted in state court "plainly meritless"). Thus, to the extent Petitioner seeks a stay, such request is DENIED.

## VI. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner JULIAN BAEZ be DISMISSED with prejudice as time barred.

## VII. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 21, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

13

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).